GRIFFIN, Judge,
concurring in part; dissenting in part.
The problem I have with the majority’s affirmance of the lower court’s decision lies in the conclusion that the mere filing of a motion to extend the deadline for response to an offer of judgment tolls the time for its expiration. Given the way this rule works, I think it makes more sense that the mere filing of the motion does not toll the running of the thirty days. The deadline must be extended before the expiration occurs. If it were otherwise, any offer of judgment could be stymied in this way. Any time, including the day before the offer is due to expire, the motion to extend the deadline is simply filed. The deadline thus does not ever arrive and the offeror does not get the benefit of the rule, nor can he withdraw the offer without losing the benefit of the rule. If the filing of the motion to extend prevents expiration, the offeree will likely always file one since there is no downside to doing so. If the motion is *229 ever called up for hearing, the worst that can happen is the motion is denied and all that extra time will have been bought during which the offer (which cannot be “withdrawn” without losing the right to fees) can be accepted at leisure.
I am not, however troubled by the outcome of this appeal. The offeror communicated to the offeree that no matter what the lower court did in response to the motion to extend, the offer would be “withdrawn” at the end of the consensual extension. Counsel even referred to the right under the rule to withdraw the offer at any time. This was, even appellant admits, the wrong word to use. Whether this letter represented a misunderstanding of how the offer of judgment rule works and whether or not it created confusion or caused the appellee to act in reliance on the withdrawal, these rules and statutes should be strictly complied with. Any error disfavors an award.